# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA (JACKSONVILLE)

### CASE NO.: 3:16-CV-467-J-20PDB

ANDREW WILLIAMS,
      Plaintiff,

V.

KYLE KNIGHT, Correctional Sergeant, in his
Individual Capacity;
JASHUA HODGES, Correctional Officer, in his
Individual Capacity;
L. GREEN, Correctional Officer, in his
Individual Capacity,
      Defendants.

_____/

## SECOND AMENDED COMPLAINT UNDER
## 42 U.S.C. §1983 AND DEMAND FOR JURY TRIAL

I.    **Parties:**

    1). Plaintiff Andrew Williams, prison number E24132, Union Correctional
Institution, P.O. Box 1000, Raiford, FL. 32083

RECIEVED
UNION CORRECTIONAL INSTITUTION
OCT 2 0 2016
BY: Sgt. Taylon
FOR MAILING

2).  Defendant: Kyle Knight, Correctional Sergeant, Florida State Prison, Starke, FL. 32091.

3).  Defendant: Jashua Hodges, Correctional Officer, Florida State Prison, Starke, FL. 32091.

4).  Defendant: L. Green, Correctional Officer, Florida State Prison, Starke, FL. 32091.


## II.    <u>Plaintiff's Previous Lawsuits:</u>


5).  Plaintiff has filed several lawsuits in state and federal court regarding his incarceration, however, Plaintiff does not have any records or a recollection of those lawsuits except for two.

6).  In or around 2009, Plaintiff filed a lawsuit in this court against prison officials regarding religious issues, but Plaintiff does not recall any other details about this case.  Plaintiff was released from prison and presumes the case was dismissed as moot.

7).  In 2014, Plaintiff filed <u>Williams v. Knight</u>, case no.: <u>3:14-cv-00151-TJC-JRK</u>, in this court, which was an identical lawsuit to the instant lawsuit.  The case was dismissed without prejudice after Plaintiff failed to timely amend his complaint.

8).  Plaintiff is not sure, but Plaintiff does not recall ever having a lawsuit dismissed as frivolous, malicious, or for failure to state a claim.  To be sure, Plaintiff requests the court to review his prior lawsuits online.

9).  Plaintiff is disclosing all information that he remembers about his prior lawsuits.  For more information, Plaintiff requests the court to review his prior lawsuits online.


## III.    <u>Statement of Claims</u>:

2

10).  Between 9/1/13 and 12/5/13, Defendant Kyle Knight maliciously subjected Plaintiff to physical abuse, constant sexual abuse, constant sexual harassment, constant racial harassment, and the deprivation of a required Thanksgiving holiday meal in retaliation for Plaintiff's free speech and verbal complaints on 9/1/13 and for Plaintiff's free speech and grievance against Knight on 9/3/13 in violation of the First Amendment to the United States Constitution.

11).  From 9/28/13 to 12/5/13, Defendant Jashua Hodges maliciously subjected Plaintiff to sexual abuse, sexual harassment, and racial harassment in retaliation for Plaintiff's free speech and grievance against Knight on 9/3/13 in violation of the First Amendment to the U. S. Constitution.

12).  Between 9/1/13 and 12/5/13, Defendants Knight and Hodges maliciously subjected Plaintiff to constant sexual abuse, constant racial harassment, and constant sexual harassment in violation of the Eighth Amendment to the United States Constitution.

13).  On 9/9/13, Defendant Knight maliciously and sadistically used unnecessary and excessive force on Plaintiff in violation of the Eighth Amendment to the United States Constitution.

14).  On 9/9/13, Defendant L. Green failed to intervene to stop or attempt to stop Knight from maliciously and sadistically using unnecessary and excessive for on Plaintiff in violation of the Eighth Amendment to the United States Constitution.

IV.  **Statement of Facts**:

15).  This complaint concerns events while Plaintiff Andrew Williams was an inmate at Florida State Prison (FSP) in Starke, FL.

16).  From 2011 to 2014, Plaintiff, black male, was an inmate at FSP.

17).  Plaintiff is not and never has been a homosexual.

3

18).   From atleast 2011 to 2014, Defendant Kyle Knight w/m was a correctional sergeant at FSP.

19).   From atleast 2012 to 2014, Defendant Jashua Hodges w/m was a correctional officer at FSP.

20).   On 9/9/13, Defendant L. Green w/m was a correctional officer at FSP.

21).   On 9/1/13 at approximately 6:30 a.m. during breakfast procedures and while Plaintiff was housed in cell M-1208, an inmate orderly supervised by an officer handed Plaintiff a breakfast meal that was missing a required biscuit. Plaintiff immediately complained to the supervising officer that his breakfast meal was missing a required biscuit, however, the officer ignored Plaintiff's complaint.

22).   On 9/1/13 at approximately 6:45 a.m., Plaintiff verbally complained to Knight, who was the housing unit's supervisor, that his breakfast meal was missing a required biscuit and that the supervising officer witnessed that, but failed to take corrective action.  In response to or in retaliation for Plaintiff's verbal complaint, Knight called or referred to Plaintiff as a homosexual, ordered Plaintiff to perform oral sex on Knight's penis, and directed Plaintiff to pretend that Knight's penis was a biscuit.

23).   On 9/1/13 at approximately 10:30 a.m., Plaintiff again complained to Knight about his breakfast meal missing a required biscuit.  In response to or in retaliation for Plaintiff's second verbal complaint, knight told Plaintiff that he would consider giving Plaintiff his missing biscuit if Plaintiff performed oral sex on Knight's penis; and Knight continued to make repeated verbal statements and comments of a sexual nature to Plaintiff for the remainder of that day.

24).   On or around 9/3/13, Plaintiff filed an administrative grievance with the FSP administration regarding Knight's sexual abuse and sexual harassment against Plaintiff.

25).   On or around 9/8/13, Knight became aware of Plaintiff's 9/3/13 grievance against Knight.

26).   On or around 9/8/13, Knight embarked on an indefinite campaign of retaliation against Plaintiff for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight.

27).   From 9/1/13 to 12/5/13, Knight continuously and maliciously subjected Plaintiff to constant sexual abuse, constant sexual harassment, and constant racial harassment in retaliation for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight.  Knight's constant sexual abuse, constant sexual harassment, and constant racial harassment consisted of Knight routinely and constantly ordering Plaintiff to perform oral sex on Knight's penis; calling Plaintiff Knight's girlfriend; referring to Plaintiff as Knight's girlfriend to others present; calling Plaintiff a nigger; deprived Plaintiff of a required Thanksgiving Holiday meal on or around 11-28-13; etc.

28).   On 9/9/13 at approximately 2:15 p.m., Knight maliciously and sadistically used unnecessary and excessive force on Plaintiff in retaliation for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight.  Specifically, Knight escorted Plaintiff to cell C-1114 while Plaintiff was in hand and leg restraints.  Once inside the cell, Knight maliciously and sadistically, without need or provocation, slammed Plaintiff into the concrete wall; violently punched Plaintiff in the face, chest, stomach, testicles, and buttocks; and violently squeezed Plaintiff's testicles.  Defendant Green was present, watched Knight physically abuse Plaintiff, and failed to intervene to stop or attempt to stop Knight from maliciously and sadistically using unnecessary and excessive force on Plaintiff.

29).   From 9/1/13 to 12/5/13, Knight maliciously and repeatedly made false accusations of rule violations by Plaintiff to FSP administrators in order to get FSP administrators to subject or to continue to subject Plaintiff to harsh conditions of confinement in retaliation for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight.  The harsh conditions of confinement consisted of solitary confinement with no access to general reading material, no visitation, no radio, no personal winter clothes, no education, no canteen to buy soap or food, no telephone calls, etc, etc.

30).   From 9/28/13 to 12/5/13, Defendant Hodges joined Knight's campaign of retaliation against Plaintiff, and Hodges maliciously and repeatedly subjected

Plaintiff to sexual abuse, racial harassment, and sexual harassment in retaliation for Plaintiff's 9/3/13 grievance against Knight.  Hodges's sexual abuse, racial harassment, and sexual harassment consisted of Hodges repeatedly ordering Plaintiff to perform oral sex on Hodges's penis; threatening to rape or sodomize Plaintiff; calling Plaintiff a nigger; etc.

31).  As a result of Knight and Hodges's campaign of retaliation against Plaintiff for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight: (a). Plaintiff's pre-existing mental illness was exacerbated; (b). Plaintiff suffered physical injuries; and (c). Plaintiff suffered and continues to suffer from psychological injuries, including but not limited to Post Traumatic Stress Disorder, depression, nightmares, shame, embarrassment, distress, mental anguish, and paranoia.

32).  As a result of Knight and Hodges's sexual abuse, racial harassment, and sexual harassment of Plaintiff between 9/1/13 and 12/5/13; (a). Plaintiff's pre-existing mental illness was exacerbated; and (b). Plaintiff suffered and continues to suffer from psychological injuries, including but not limited to Post Traumatic Stress Disorder, depression, nightmares, shame, embarrassment, distress, mental anguish, and paranoia.

33).  As a result of Knight's malicious and sadistic use of unnecessary and excessive force on Plaintiff on 9/9/13; (a). Plaintiff's pre-existing mental illness was exacerbated; (b). Plaintiff suffered serious or significant physical injuries to his head, face, chest, stomach, genitals, testicles, and buttocks; (c). Plaintiff suffered severe or significant physical pain for approximately 45 days; and (d). Plaintiff suffered and continues to suffer from psychological injuries, including but not limited to Post Traumatic Stress Disorder, depression, nightmares, shame, embarrassment, distress, mental anguish, and paranoia.

34).  Between 9/1/13 and 12/5/13, Knight repeatedly stated that his physical abuse, sexual abuse, sexual harassment, false accusations, and deprivation of food against Plaintiff were in retaliation for Plaintiff's 9/1/13 verbal complaints to Knight and for Plaintiff's 9/3/13 grievance against Knight.

35).   Between 9/28/13 and 12/5/13, Hodges repeatedly stated that his sexual abuse, sexual harassment, racial harassment and false accusations against Plaintiff were in retaliation for Plaintiff's 9/3/13 grievance against Knight.

## V.   Requested Relief:

Wherefore, Plaintiff requests:

A).   An award of compensatory damages against Knight, Hodges and Green on all claims to compensate Plaintiff for his Physical and psychological injuries.

B).   An award of punitive damages against Knight, Hodges and Green on all claims to punish them for their egregious conduct and to deter them and others from committing such egregious conduct in the future.

C).   An award of nominal damages against Knight, Hodges and Green on all claims in the event the court or jury finds that Plaintiff is not entitled to compensatory damages.

D).   An award of attorney fees in the event Plaintiff is represented by counsel.

E).   An award of costs.

F).   Any additional relief that Plaintiff may be entitled to.

## VI.   Jury Demand

Plaintiff demands a jury trial on all issues so triable.

I declare under penalty of perjury that the foregoing statements are true and complete.

Signed this __20__ day of ~~November~~ *October*, 2016.

_Andrew Williams_
Andrew Williams

7

## CERTIFICATE OF SERVICE

I certify that on 11/   /16, a copy of the foregoing was mailed via prison officials to Matthew    Vitale                    , AAG, The Capital, PL-01, Tallahassee, Fl 32399.

Andrew Williams #E24132
Union Correctional Institution
P.O. Box 1000
Raiford, fl. 32083

8